# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Aaron's LLC, a Georgia Limited Liability Company; (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nehemiah Kong

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/28/2023 1:43 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By B. Haun, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Norwalk Courthouse<br><br>12720 Norwalk Blvd., Norwalk, CA 90650 | CASE NUMBER: *(Número del Caso):*<br>23NWCV02707 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Potter, Esq., Center for Disability Access, 100 Pine Street, Ste. 1250, San Francisco, CA 94111 (858) 375-7385

| DATE: 08/28/2023<br>*(Fecha)* | Clerk, by<br>*(Secretario)* B. Haun | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SUM-200(A)

| SHORT TITLE:<br>Kong v. Aaron's LLC, et al. | CASE NUMBER:<br>23NWCV02707 |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

and DOES 1 through 50, inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Docusign Envelope ID: 8EB465B8-7053-48F9-854B-E80A712893EF

Electronically Received 04/11/2025 11:43 AM

Craig G. Cote, Esq. (State Bar No. 132885)
26100 Towne Centre Drive
Foothill Ranch, CA 92610
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff: NEHEMIAH KONG

**FILED**
Superior Court of California
County of Los Angeles
04/11/2025
David W. Slybri, Executive Officer / Clerk of Court
By: _____ M. Ceballos _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

NEHEMIAH KONG, an individual,

Plaintiff,

v.

AARON'S LLC, a Georgia Limited
Liability Company; and DOES 1 through
50, inclusive,

Defendants.

Case No. 23NWCV02707

**Verified First Amended Complaint For
Injunctive Relief and Damages For:**

1. **Violations of the Americans with
   Disabilities Act [42 U.S.C. §§ 12101-
   12189] (the "ADA")**
2. **Violations of the Unruh Civil Rights Act
   [Cal. Civ. Code §§ 51 - 53] (the "UCRA")**

**[ACTION SUBJECT TO THE
SUPPLEMENTAL FEE IN GOVERNMENT
CODE SECTION 70616.5]**

Plaintiff, NEHEMIAH KONG ("Plaintiff"), complains of Defendant AARON'S LLC, a

Georgia Limited Liability Company; and Does 1-10 ("Defendant") and alleges the following on

information and belief based upon investigation and advice of counsel, except as to Plaintiff's own

acts, which are hereby alleged upon personal knowledge as follows:

## PARTIES

1.    Plaintiff is an adult California resident.

2.    Plaintiff is a paraplegic that suffers from post-polio syndrome.

3.    Plaintiff is substantially limited in performing one or more major life activities,

including but not limited to walking, standing, and/or ambulating.

1

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

1      4.     As a result of these substantial limitations, Plaintiff relies upon assistive mobility
2   devices.

3      5.     Plaintiff is informed and believes and thereon alleges that Defendant AARON'S
4   LLC, and DOES 1-3 owned the property located at 9348 Whittier Blvd., Pico Rivera, CA 90660
5   ("Property") on June 16, 2023 (the "Date of Visit"), upon which Aaron's ("Business") is located.

6      6.     Plaintiff is informed and believes and thereon alleges that Defendant AARON'S
7   LLC, and DOES 1-3 currently own the Property.

8      7.     The Business is a facility open to the public, a place of public accommodation, and a
9   business establishment.

10     8.     Plaintiff does not know the true name of DOE Defendants, that may be related to the
11  Business and/or Property.  Plaintiff is informed and believes that each of the Defendants herein,
12  including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged.
13  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities
14  of the Defendants and Does 1 through 10, inclusive, are ascertained.

15                                **JURISDICTION AND VENUE**

16     9.     This Court has subject matter jurisdiction over this action.

17     10.    This Court has personal jurisdiction over Defendant because it conducted and
18  continues to conduct substantial business in the State of California, County of Los Angeles, and
19  because Defendant's offending Business & Property is located in this County.

20     11.    Defendant conducts substantial business in this County.

21     12.    A substantial portion of the conduct complained of herein occurred in this County.

22                                **PROCEDURAL BACKGROUND**

23     13.    Plaintiff is a patron of Defendant's Business Establishment, having availed himself
24  of its goods and services. Plaintiff also has a dual motivation in filing this lawsuit. Plaintiff is an
25  advocate for the civil rights of persons like herself, those with disabilities. Courts have observed,
26  and it is widely accepted, that advocates such as Plaintiff advance important public interests and it
27  may be "necessary and desirable for committed individuals to bring serial litigation advancing the
28  time when public accommodations will be compliant with the ADA." (citations omitted). *Langer v.*

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

1  *Kiser*, 57 F.4th 1085 (9th Cir. 2023). Plaintiff has filed multiple lawsuits against various owners

2  and/or operators of places of public accommodation under the Unruh Civil Rights Act as part of

3  Plaintiff's advocacy work on behalf of the civil rights of persons with disabilities, at least 31 in the

4  past 12 months as of the date of this First Amended Complaint. Plaintiff intends to continue to

5  engage in such advocacy work in the foreseeable future and, until such time as she ceases to

6  encounter such barriers in her daily life, to ensure that Defendant's and others' business

7  establishments are fully and equally enjoyable to and usable by persons with disabilities, including

8  Plaintiff.

9     14.    Plaintiff has standing to sue Defendant(s) in the Superior Court of California insofar

10  as Plaintiff " has been the victim of the defendant's discriminatory act." *Angelucci v. Century Supper*

11  *Club* (20087) 41 Cal.4th 160, 175.

12     15.    Disability discrimination is indistinguishable in many ways from race and sex

13  discrimination in that it can attack the individual's sense of self-worth in much the same fashion as

14  race or sex discrimination. *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143.

15     16.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges,

16  advantages, accommodations, facilities, goods and services of any place of public accommodation

17  are offered on a full and equal basis by anyone who owns, leases, or operates a place of public

18  accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

19     17.    A failure to make reasonable modifications in policies, practices, or procedures, when

20  such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

21  accommodations to individuals with disabilities, unless the accommodation would work

22  fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

23     18.    A failure to remove architectural barriers where such removal is readily achievable.

24  42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA

25  Standards.

26     19.    Where such barrier removal is not readily achievable, the failure to make such goods,

27  services, facilities, privileges, advantages, or accommodations available through alternative readily

28  achievable, methods. 42 U.S.C. § 12182(b)(2)(A)(v).

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

20.     A failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements. 42 U.S.C. § 12183(a)(1).

21.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

22.     California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the UCRA.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff personally visited the Business on or about Date of Visit.

24.     On the Date of Visit, Plaintiff also evaluated the Business and the Property for compliance with the ADA and the UCRA.

25.     Parking spaces are one of the facilities, privileges, and advantages reserved by Defendant to persons at the Property serving the Business.

26.     Plaintiff was in the geographical area because he was temporarily staying in the area at the time.

27.     Unfortunately, although parking spaces were one of the facilities are provided at the Business and the Property for customer use, there were no designated parking spaces available for persons with disabilities. The conditions present at the Business and Property on the Date of Visit failed to comply that complied with the applicable ADA Standards for Accessible Design ("ADASAD").

28.     On the Date of Visit, instead of having architectural barrier-free facilities for patrons with disabilities, the subject property contained ADA violations as follows:

> a.   Defendant placed a large marketing/advertisement in the parking space marked and reserved for persons with disabilities (ADASAD Section 208).

29.     On February 5, 2025, an investigator investigated the Property and identified the following barriers at the Business and Property:

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

a.   There is no accessible route of travel from the public way (Section 206.2.1);

b.   There is no accessible route between the buildings (Section 206.2.2);

c.   In the ADA parking stall bank,, the striping and markings for the accessible parking stall and loading/unloading access aisle are dilapidated and in need of repair and/or maintenance (Section 502.3.3);

d.   In the ADA parking stall bank, there is a concrete expansion joint is spaced greater than 1/2 inch (Section 302.3);

e.   In the ADA parking stall bank, there are cross slopes (narrow dimension) and running slopes (long dimension) that exceed 2% (Section 502.4);

f.   The floor of the entry on the push side of the entry door is not smooth (Section 404.2.10);

g.   The transaction counter inside is too high (Section 904.4.1);

30.    Due to architectural barriers in violation of one or more of the ADASAD, the parking, paths of travel, and at the Property violate the ADA and UCRA, are inaccessible, and denied Plaintiff's right and entitlement to full and equal access.

31.    Because Defendant AARON'S LLC, and DOES 1-3, own, operate and/or lease the Property, they are responsible for the violations of the ADA and UCRA that exist at the Property and/or the Business.

32.    Subject to the reservation of rights to assert further violations of law after a site inspection found infra, Plaintiff asserts there are additional violations which affect him personally at the Business and/or the Property.

33.    Plaintiff is informed and believes and thereon alleges Defendant has had no policy or plan in place to make sure that the Business and/or the Property complied with ADA requirements prior to the Date of Visit.

34.    Plaintiff personally encountered  ADA violations at the Business and/or upon the Property and/or has been made aware of them by virtue of the investigation of counsel.

35.    The presence of the ADA violations relates to Plaintiff's disability, denied and continue to deny Plaintiff the right to enjoy accessible conditions at Defendant's public place of

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

1    accommodation, denied Plaintiff full and equal access, and therefore invades legally cognizable

2    interests protected by the ADA and the UCRA.

3        36.    The conditions identified *supra* are related to Plaintiff's legally recognized disability

4    in that Plaintiff is substantially limited in the major life activities of walking, standing, and

5    ambulating. As a person who requires a wheelchair to ambulate, the enumerated conditions relate to

6    Plaintiff's use of the accessible parking, the slope and condition of the accessible parking and

7    accessible path to the accessible entrance, and the proximity of the accessible parking to the

8    accessible entrance. As a result of personally observing these barriers to access that Plaintiff believed

9    posed a risk to his safely ambulating to the entrance of the Business in his wheelchair, Plaintiff was

10   dissuaded from patronizing the Business.

11       37.    As an individual with a mobility disability who at times relies upon a wheelchair,

12   Plaintiff has a keen interest in whether public accommodations have architectural barriers that

13   impede full accessibility to those accommodations by individuals with mobility impairments.

14       38.    Plaintiff and other members of the disabled community are ongoingly being subjected

15   to the ADA violations alleged herein by Plaintiff.

16       39.    The Defendants, and each of them, continue to maintain the inaccessible conditions

17   and engage in the discriminatory conduct alleged herein such that Plaintiff is entitled to the requested

18   relief under California law.

19       40.    Plaintiff is continuing to be deterred from patronizing the accommodations provided

20   for public use at the Business and/or the Property due to Plaintiff's knowledge of the ongoing

21   existence of discriminatory ADA violations thereat.

22       41.    As a result of his knowledge of the inaccessible conditions of the Business and/or the

23   Property that would deny him full and equal access, Plaintiff was deterred from patronizing the

24   Business on one or more particular occasions.

25       42.    Remediation by Defendants of the ADA violations alleged herein to bring them into

26   compliance with ADA requirements is easily accomplishable without undue burden or expense and

27   is therefore readily achievable to remove.

28   ///

VERIFIED FIRST AMENDED COMPLAINT

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

43.     To the extent full compliance with ADA requirements at the Business and/or the Property is not readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access that have not been affected by the Defendant.

44.     Given the obvious and blatant ADA violations alleged herein, Plaintiff alleges that it is likely there are other ADA violations at the Business and/or the Property that relate to Plaintiff's disability.

45.     Plaintiff will amend this First Amended Complaint to further describe the full scope of the ADA violations at issue in this case once a site inspection is completed.

46.     Whether or not alleged in this version of Plaintiff's complaint, Defendant is hereby on notice that Plaintiff seeks and will seek to have all ADA violations related to Plaintiff's disability remedied and brought into compliance with ADA requirements.

47.     Without injunctive relief, Plaintiff and other members of the disabled public are being and will continue to be denied full and equal access to the Business and the Property in violation of the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE ADA

### 42 U.S.C. §§ 12101-12189

48.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

49.     Defendant has maintained conditions as alleged herein at the Business and/or the Property that violate the ADA.

50.     The ADA violations alleged herein are readily achievable to remove.

51.     Plaintiff and other disabled members of the general public are being deprived of their right and entitlement to full and equal access to the Business and/or the Property due to the existence of the ADA violations alleged herein.

///

///

7

VERIFIED FIRST AMENDED COMPLAINT

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

52.    The ADA violations alleged herein are ongoing, have deprived Plaintiff of full and equal access on a particular occasion, and continue to deny full and equal access to Plaintiff and other disabled persons.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE UCRA

## CAL. CIV. CODE §§ 51-53

53.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

54.    California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

55.    By violating the ADA, Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying disabled customers full and equal access to the goods and services offered at the Business and Property.  The ADA violations alleged herein are ongoing.

56.    Civil Code § 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

## PRAYER

**WHEREFORE, Plaintiff prays that this court provide relief as follows:**

1.    For a Declaratory Judgment that at the commencement of this action Defendant owned, maintained, and/or operated the Business and/or the Property in a manner which discriminated against Plaintiff and other persons with disabilities and, that Defendant took insufficient action to ensure that the Business and the Property were fully accessible to and independently usable by Plaintiff and other persons with disabilities in violation of law.

2.    For permanent injunctive relief, pursuant to and appropriate to comply with the ADA, compelling Defendant to remove all presently existing ADA violations within 90 days of judgment or whatever other date certain determined by the Court to be fair and just.

///

VERIFIED FIRST AMENDED COMPLAINT

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

3.      To the extent that complete removal of all presently existing ADA violations is not readily achievable, for permanent injunctive relief pursuant to and appropriate to comply with the ADA compelling Defendant to make the Business and the Property accessible through alternative methods.

4.      **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act or the Unruh Civil Rights Act at all.

5.      For an award of actual damages and/or statutory damages of not less than $4,000 per occurrence pursuant to California Civil Code §§52 and 55.56.

6.      For an award of $4,000.00 in statutory damages for each specific instance of deterrence at the Business and Property pursuant to California Civil Code §§ 52 and 55.56.

7.      For reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this First Amended Complaint.


Dated: April 10, 2025              **MANNING LAW, APC**

                                   By:  _____
                                        Craig G. Cote, Esq.
                                        Attorney for Plaintiff

9

Docusign Envelope ID: 8EB465B8-7053-48F9-864B-E80A712893EF

**VERIFICATION**

I am a party to this action, and I have read the foregoing First Amended Complaint titled *Kong v. Aaron's LLC, et al.* and I know its contents. The facts in the First Amended Complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 4/10/2025

By: Nehemiah Kong
NEHEMIAH KONG

10
VERIFIED FIRST AMENDED COMPLAINT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|

**COURTHOUSE ADDRESS:** Norwalk Courthouse
12720 Norwalk Blvd. Norwalk, CA 90650

**PLAINTIFF(S):** Nehemiah Kong

**DEFENDANT(S):** Aaron's LLC, a Georgia Limited Liability Company

**FILED**
Superior Court of California
County of Los Angeles
05/07/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ S. Huynh _____ Deputy

| NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain) | **CASE NUMBER:** 23NWCV02707 |
|---|---|

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD:

You are notified that effective <u>06/02/2025</u>, an order was made that the above entitled action, previously assigned to Judge <u>Lee W. Tsao</u> is now and shall be assigned to Judge <u>Brian F. Gasdia</u>, as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department __R__ at <u>Norwalk Courthouse</u> (See Chapter 3, Los Angeles Court Rules). All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/07/2025

By <u>S. Huynh</u>
Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)**

LASC CIV 304 NEW 05/24
For Optional Use

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd. Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/07/2025<br>David W. Slayton, Executive Officer /Clerk of Court<br>By: _____ S. Huynh _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Nehemiah Kong | |
| DEFENDANT/RESPONDENT:<br>Aaron's LLC, a Georgia Limited Liability Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23NWCV02707 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Norwalk, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Craig G. Cote
Manning Law Firm
26100 Towne Centre Drive,
Foothill Ranch, CA 92610

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/7/2025                    By: __S. Huynh_____
                                        Deputy Clerk

CERTIFICATE OF MAILING

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT — MANDATORY ELECTRONIC FILING FOR CIVIL | ) ) ) ) ) ) ) |

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)   Bonds/Undertaking documents;

iii)   Trial and Evidentiary Hearing Exhibits

iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

    Electronic filing service providers must obtain and manage registration information for persons
and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

    a) Electronic documents must be electronically filed in PDF, text searchable format **when**
technologically feasible without impairment of the document's image.

    b) The table of contents for any filing must be bookmarked.

    c) Electronic documents, including but not limited to, declarations, proofs of service, and
exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule
3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked
item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the
bookedmarked item and briefly describe the item.

    d) Attachments to primary documents must be bookmarked. Examples include, but are not
limited to, the following:

        i)    Depositions;

        ii)   Declarations;

        iii)  Exhibits (including exhibits to declarations);

        iv)  Transcripts (including excerpts within transcripts);

        v)    Points and Authorities;

        vi)  Citations; and

        vii)  Supporting Briefs.

    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly
encouraged.

    f) Accompanying Documents

    Each document acompanying a single pleading must be electronically filed as a **separate**
digital PDF document.

    g) Multiple Documents

    Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
                (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
                (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
                (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
                (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
         (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
         (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

        ➤  _____
         (ATTORNEY FOR _____)

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

|  |
|---|
|  |

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



Print      Save                              Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

DAL-005

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                              STATE:      ZIP CODE:<br>TELEPHONE NO.:                    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF:

  DEFENDANT:

| | |
|---|---|
| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR** ☐ **STAY AND EARLY EVALUATION CONFERENCE** ☐ **JOINT INSPECTION** | CASE NUMBER: |

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*                                        requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

  a. ☐ **CASp-Inspected Site**
    (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and
    (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

  b. ☐ **New Construction**
    (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;
    (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and
    (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

  c. ☐ **Small Business**
    (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);
    (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and
    (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.
    (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*
      ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and
      ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
**(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

**DAL-005**

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

3. d. ☐ **Case Filed by High-Frequency Litigant**

   (1) ☐ Site is owned or occupied by a defendant that is a business.

   (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

   (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court:

  a. Stay the proceedings relating to the construction-related accessibility claim.

  b. Schedule an early evaluation conference.

  c. Order defendant to:

   (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

   (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

  d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

  e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

DAL-005 [Rev. July 1, 2016]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
(Disability Access Litigation)

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form]    [Clear this form]

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY
STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS
LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET
CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified
Access Specialist (CASp) inspection report for that site, or to a site where new
construction or improvement was approved after January 1, 2008, by the local
building permit and inspection process, you may make an immediate request for a
court stay and early evaluation conference in the construction-related accessibility
claim by filing the attached application form with the court. You may be entitled to
the court stay and early evaluation conference regarding the accessibility claim only
if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or
with new construction after January 1, 2008), and, to the best of your knowledge,
there have been no modifications or alterations completed or commenced since the
CASp report or building department approval of the new construction or
improvement that impacted compliance with construction-related accessibility
standards with respect to the plaintiff's claim, your liability for minimum statutory
damages may be reduced to $1,000 for each offense, unless the violation was
intentional, and if all construction-related accessibility violations giving rise to the
claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency
litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil
Procedure, asserting a construction-related accessibility claim, including, but not
limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you
may also be entitled to a court stay and an early evaluation conference. If you
choose to request a stay and early evaluation conference, you may also request to
meet in person with the plaintiff and counsel for both parties, as well as experts if
the parties so elect, at the subject premises no later than 30 days after issuance of
the court order to jointly inspect the portions of the subject premises and review
any conditions that are claimed to constitute a violation of a construction-related
accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three
years, or the existence of the business if less than three years, employs 25 or fewer
employees on average over that time period and meets specified gross receipts
criteria, you may also be entitled to the court stay and early evaluation conference
and your minimum statutory damages for each claim may be reduced to $2,000 for
each offense, unless the violation was intentional, and if all the alleged
construction-related accessibility violations are corrected within 30 days of being
served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take
pictures and measurements or similar action to document the condition of the

physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
*www.courts.ca.gov*

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

DAL-001 [Rev. July 1, 2016]                **IMPORTANT ADVISORY INFORMATION**                Page 2 of 2
**FOR BUILDING OWNERS AND TENANTS**
**(Disability Access Litigation)**

For your protection and privacy, please press the Clear    Print this form    Save this form                Clear this form
This Form button after you have printed the form.



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted via videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* www.lacourt.org/ADR/programs.html.
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* www.lacourt.org/ADR *or email* ADRCivil@lacourt.org.

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* https://resolvelawla.com.

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*